## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7622 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Linda Muzzarelli vs. Landry's Restaurants, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. Section 1404(a)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, defendant's motion to transfer venue to the Middle District of Florida is DENIED [6-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| X | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA MUZZARELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 7622 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| LANDRY'S RESTAURANTS, INC., a | ) | |
| Delaware Corporation, d/b/a THE "CRAB | ) | |
| HOUSE", | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAR 3 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Muzzarelli, filed a four count complaint in this court for personal injuries suffered while a patron at the Crab House against defendant, Landry's Restaurants, Inc. Before this Court is defendant's motion to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, defendant's motion is denied.

**I.  Factual and Procedural Background**

The following factual allegations are taken from plaintiff's complaint. On January 9, 2001, Plaintiff Muzzarelli was a business invitee of the Defendant Laundry's, while in Orlando Florida vacationing at Disney Land. Plaintiff alleges that, at the Defendant's restaurant "The Crab House," she purchased and consumed certain contaminated food products. Plaintiff further alleges that her consumption of defendant's contaminated food products caused her to contract Hepatitis A. Specifically, Plaintiff alleges that Defendant was negligent in preparing her meal

and sets forth the following claims against Defendant: (1) negligence; (2) res ipsa loquitur; (3) breach of warranty; and (4) strict products liability.

**II.**  Legal Standard

Pursuant to 28 U.S.C. § 1404(a): "for the convenience of the parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer under 28 U.S.C. § 1404(a) is appropriate if: (1) venue is proper in both the transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Barnes v. Rollins Dedicated Carriage Services, Inc., 976 F.Supp. 767, 768 (N.D. Ill.1997). The party requesting the transfer has the burden of demonstrating that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir.1986). Thus, transfer is inappropriate if it merely serves to shift the inconvenience from one party to another. Medi USA v. Jobst Institute, Inc., 791 F.Supp. 208, 211 (N.D. Ill. 1992). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219; Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 959 (N.D. Ill.2000).

**III.  Discussion**

The parties agree, as does this Court, that venue is proper in the Northern District of Illinois (the transferor court) and the Middle District of Florida (the transferee court). Therefore, the only issue in dispute is whether transfer of this case to Florida would be for the convenience of the parties and witnesses and in the interest of justice.

A.   Convenience of Parties and Witnesses

The convenience of the witnesses and the parties is the most important § 1404(a) factor. Dunn v. Soo Line R.R. Co., 864 F.Supp. 64, 65 (N.D. Ill.1994). In evaluating the convenience of the parties and witnesses, the court considers (1) the plaintiff's choice of forum; (2) the site of material events; (3) the convenience to the parties of litigating in respective forums; (4) the availability of evidence in each forum; and (5) the convenience of the witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). The court will consider each of these factors in turn.

The Plaintiff is a resident of Illinois and chose the Northern District of Illinois to litigate this matter. The court gives considerable weight to a plaintiff's choice of forum where it is also the plaintiff's home forum. FUL Inc. v. Unified School Dist. No. 204, 839 F.Supp. 1307, 1311 (N.D. Ill.1993). While plaintiff alleges she became ill and sought treatment in Illinois, she also alleges that her injury was caused in Florida. Thus, the site of material events is the Middle District of Florida. Less deference should be granted to the plaintiff's choice of forum, where the chosen forum has little connection to the litigation. Barnes, 976 F.Supp. at 767. Therefore, the fact that Plaintiff's alleged injury occurred in Florida mitigates the weight given to the Plaintiff's choice of her resident forum.

With respect to the convenience of the parties, Defendant argues that if the case is litigated in Illinois, Defendant will incur the expenses of traveling to Chicago, producing documents and evidence in Chicago, and attending trial in Chicago. However, if the case is litigated in Florida, the Plaintiff will incur the same expenses. Transfer is inappropriate if it will serve to simply shift the inconvenience of one party to the other. Sage Products, Inc. v. Devon

-3-

Industries, Inc., 148 FRD 213, 216 (N.D. Ill. 1993); Medi USA v. Jobst Institute, Inc., 791 F.Supp. 208 (N.D. Ill. 1992). The Plaintiff has no connection to the state of Florida outside of her vacation to Orlando last year. By contrast, the Defendant has connections both to Florida and to Illinois.[1] The Defendant operates restaurants in Illinois and thus avails itself of the protection of Illinois' legal system. Defendant is certainly correct in noting that the Plaintiff's financial ability, standing alone, is not entitled great weight. However, courts have interpreted the convenience of parties factor to include a consideration of the parties' ability to bear the expense of trial in a particular forum. See,e.g., College Craft Cos., Ltd. v. Perry, 889 F.Supp. 1052, 1056 (N.D. Ill.1995). It is clear that Defendant, as a national corporation doing business in this jurisdiction, is in a better position to bear the expense of trial in Illinois than the Plaintiff could bear the expense of trial in Florida.

It is undisputed that non-testimonial evidence will be available in either forum. Thus, the question is whether the witnesses will be inconvenienced by the litigation proceeding in Illinois. When weighing the convenience of the transfer to potential witnesses, the court must consider the number of witnesses located in each forum as well as the nature and importance of their testimony. Rohde v. Central Railroad of Indiana, 951 F.Supp. 746, 748 (N.D. Ill. 1997). Defendant has the burden of showing who its witnesses are, the nature of their testimony and how important that testimony will be to the case. Id. The defendant has vaguely identified its potential witnesses as dozens of servers and managerial employees who have personal knowledge of the facts in dispute in this case. The defendant's identified witnesses will be

---

[1] Defendant admitted "that it and/or its subsidiary companies do business in the State of Illinois and operate various restaurants in the State of Illinois" in its answer to plaintiff's complaint. Answer ¶ 3.

needed to contest a finding of liability. However, convenience of the witnesses refers to the convenience of third party witnesses, not witnesses necessarily employed by the parties. DEV Industries, Inc. v. NPC, Inc., 763 F.Supp. 313, 315 (1991). Presumably, defendant can assure the testimony of its own employees, so the convenience of these witnesses does not weigh in favor or against transfer. Central States v. Salasnek Fisheries, 977 F.Supp. 888, 891 (N.D. Ill. 1997). Therefore, since employees of the parties likely will appear voluntarily, the court should consider, in particular, the convenience of non-party witnesses. H.B. Sherman Manufacturing Co. v. Rain Bird National Sales Corp., 979 F.Supp. 627, 630 (N.D. Ill.1997). Outside of its own employees, defendant identified the investigator from the Orange County Health Department who investigated allegations of food poisoning from customers at the Orlando Crab House location. Plaintiff suggests that this is a witness that may also be used to establish her case. The inspector's testimony would most likely be used in determining liability. Although the unavailability of compulsory process is a potential problem, there is no indication by the defendant that the inspector is a hostile or reluctant witness. Non-party witnesses identified by Plaintiff are those persons who have personal knowledge of the alleged incident on defendant's premises which gave rise to plaintiff's claim and those, such as her physician, who will testify to the symptoms and treatment of her condition. Plaintiff's witnesses are individuals, not employees of a corporation, and would be used to establish both liability and damages. Therefore, while key non-party witnesses in this case reside both in Illinois and Florida, the defendant has not shown that the inconvenience to its witnesses in litigating in the Northern District of Illinois outweighs the inconvenience that would be imposed on plaintiff's witnesses were this court to transfer this case to the Middle District of Florida..

B.  Interest of Justice

The final factor to be considered is whether transfer will serve the interest of justice. The "interest of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." TIG Ins., Co. v. Brightly Galvanized Prods., Inc., 911 F.Supp. 344, 346 (N.D. Ill.1996). It includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. Symons Corp. v. Southern Forming & Supply, Inc., 954 F.Supp. 184, 187 (N.D. Ill.1997). The administration of justice is served more efficiently when the action is litigated in the forum that is "closer to the action." Paul v. Land's End, Inc., 742 F.Supp. 512, 514 (N.D. Ill.1990).

According to Case Management Statistics for 2002, parties in the Middle District of Florida are not much better off than parties in the Northern District of Illinois, with respect to how quickly the court will dispose of or try their cases. In the Middle District of Florida, the median time from the filing of a civil case to its disposition is 10.4 months, and from filing to trial, 19.3 months. U.S. District Court- Judicial Caseload Profile, http://www.uscourts.gov/cgi-bin/cmsd2002.pl. In the Northern District of Illinois, the median time from the filing of a civil case to its disposition is 5.5 months, and from filing to trial is 26 months. Id. Based on these statistics, a case may proceed to trial more quickly in the Middle District of Florida than in the Northern District of Illinois, but may be disposed of by motion more quickly in the Northern District of Illinois than in the Middle District of Florida. In short, it is not markedly more economical to have the instant case pending in the Middle District of Florida than in the Northern

District of Illinois. Therefore, the defendant has not demonstrated that it is clearly more efficient to resolve this matter in the Middle District of Florida.

In addition, even if defendant is correct in its claim that Florida law should be applied to this case, the choice of law issue does not weigh heavily on the motion to transfer. While a Florida court may be more familiar with Florida law, the facts of this case present questions of basic tort law. This court would be entirely competent to apply Florida state tort law to the facts of this case. Defendant has not made a showing that there is anything particularly complex or unique about the nature of this case which would render it disadvantageous to resolve it in this court.

Finally, this Court must consider the desirability of litigating this case in a particular forum and the community's connection to this case. In this case, the food poisoning was ingested in Florida by an Illinois resident and the injury manifested itself in Illinois. The Crab House is a popular restaurant for vacationing residents from numerous states and countries including, undoubtedly, Illinois residents. Thus, while Florida maintains an interest in adjudicating matters occurring within its boundaries, Illinois also has an interest in protecting its citizen from the inconvenience and expense of having to litigate claims elsewhere. Chesler v. Trinity Industries, Inc., No. 99 C 3234, 1999 WL 498592 at *3, 1999 U.S. Dist. LEXIS 10587 (N.D. Ill. Jul. 6, 1999). Further, Illinois courts have a strong interest in hearing claims involving their residents. Vandeveld v. Christoph, 877 F.Supp. 1160 (N.D. Ill.1995). Thus, the defendant has not met its burden in demonstrating that the transferee forum is clearly more convenient.

## Conclusion

For the foregoing reasons, defendant's motion to transfer venue to the Middle District of Florida is denied.

Enter:

David H. Coar
United States District Judge

Dated: March 28, 2003